**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DWIGHT HINES, as
Personal Representative
of the Estate of Glenda
Hines, deceased,

      Plaintiff,

v.   CASE NO. 3:04-cv-728-J-25HTS

UNITED STATES OF AMERICA,
et al.,

      Defendants.

**O R D E R**

This cause is before the Court on the following matters:

1. United States of America's Motion to Exclude and Strike Plaintiff's Expert Witnesses, or in the Alternative, to Extend Deadlines (Doc. #38; Motion), filed on March 3, 2006. Plaintiff opposes the Motion. Memorandum in Opposition to United States of America's Motion to Exclude and Strike Plaintiff's Expert Witnesses, or in the Alternative, to Extend Deadlines (Doc. #40; Opposition), filed on March 15, 2006.

Defendant[1] requests that Mary Wyckoff and Brent Sommer be stricken as expert witnesses for Plaintiff. Motion at 1. The Government first alleges the expert reports prepared by Wyckoff and Sommer do not meet the requirements of Rule 26(a)(2)(B), Federal Rules of Civil Procedure (Rule(s)), and specifically claims the

---

[1] The United States of America is the only remaining Defendant in this action. *See* Order (Doc. #23), entered on September 2, 2005.

reports lack "sufficient facts to inform the Government of the underlying basis and reasons for the expert opinions." Motion at 2-3. Due to this alleged deficiency, Defendant contends it will have "to expend significant resources in deposing these witnesses." *Id.* at 4. These depositions are necessary, it argues, because the reports submitted by Plaintiff are "insufficient to enable the Government to sufficiently employ the service of its own experts or to sufficiently prepare for the depositions of Plaintiff's experts." *Id.* Additionally, Defendant observes the disclosure of Sommer as an expert was untimely. *Id.* at 2.

In his response, Mr. Hines asserts the reports comply with Rule 26. Opposition at 5. "[A]lthough Plaintiff believes the expert reports prepared by Wyckoff and Sommer comply with Rule 26(a)(2)(B) . . ., Plaintiff has no opposition to providing the Government with supplemental expert reports." *Id.* He emphasizes Sommer was disclosed on December 6, 2005, only one day after the December 5, 2005, deadline.[2]  *Id.* at 2-3.

Pursuant to Rule 26(a)(2)(B),

> disclosure[s] shall . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or

---

[2] The Government also argues that Sommer's testimony should be excluded because his report was submitted one day after the disclosure deadline. *See* Order (Doc. #27), entered on October 11, 2005. In this instance, the Government has failed to demonstrate the one-day delay will result in prejudice. Accordingly, the Court will not sanction Plaintiff for failing to meet the deadline.

>       support for the opinions; the qualifications of the
>       witness, including a list of all publications authored by
>       the witness within the preceding ten years; the
>       compensation to be paid for the study and testimony; and
>       a listing of any other cases in which the witness has
>       testified as an expert at trial or by deposition within
>       the preceding four years.

An expert report is adequate when it is "sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996). The *Reed* court further explained that the first requirement of the Rule is designed to elicit both "'how' and 'why' the expert reached the conclusions and opinions to be expressed." *Id.* at 428 n. 5.

Upon review, the expert reports prepared by Wyckoff and Sommer meet the requirement of Rule 26(a)(2)(B) at issue. Wyckoff offers eight numbered conclusions based on her review of specified records and deposition transcripts. Exhibit 3, attached to Motion, at 13. These conclusions clearly indicate the ways in which she will testify that Defendant violated the standard of care. Thus, there is little danger of surprise. Because her report provides the level of detail required by the Rule, the Court will not strike Wyckoff as an expert in this matter.

Sommer's expert report likewise "contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor."[3]  Rule 26(a)(2)(B). In the paragraph immediately

---

[3] Plaintiff concedes "[t]he Court can simply order that the Experts may not render any opinions not disclosed by their reports." Opposition at 9.

- 3 -

preceding the numbered portion of the report, Sommer states he is "of the opinion that the anesthesia and perioperative care that Mrs. Hines received in regards to this case were below the acceptable standard of care that she required and deserved." Exhibit 4, attached to Motion, at 17. This opinion is followed by five numbered statements supporting the claim which constitute the "basis and reasons" supporting the opinion required by the Rule. *See id*. at 17-18. As with Wyckoff, it is unlikely the Government would be surprised at trial by the content of Sommer's testimony. Therefore, he will not be stricken as an expert witness.

In lieu of striking Wyckoff and Sommer, Defendant requests additional time to meet disclosure and discovery deadlines for expert witness depositions. *Id.* at 9-10. The Court finds such an extension is not warranted in this case. On January 20, 2006, the Government requested and was granted a ten-day extension of time to disclose its expert witnesses. Defendant's Motion for Extension of Time to Submit Expert Disclosures (Doc. #29; January Motion)[4]; Order (Doc. #32), entered on February 7, 2006. At that time, Defendant did not raise the issue of the sufficiency of Plaintiff's reports, although it had been in possession of them for over a month. Defendant has had ample opportunity both to disclose its experts and depose Plaintiff's experts. Granting the Motion with

---

[4] The justification for an extension was premised in part upon Defendant's intent "to retain an anesthesiologist expert" and perhaps "a Nurse expert" as well. January Motion at 2.

- 4 -

respect to the deposition extension would result in this part of discovery ending the same day as the pretrial conference. *See* Motion at 10; Notice (Doc. #49), entered on April 12, 2006. Furthermore, the Court has emphasized that "[n]o additional enlargements of these deadlines should be anticipated absent exigent circumstances." Order (Doc. #32), entered on February 7, 2006.

In light of the foregoing, the Motion (Doc. #38) is **DENIED**.

2.   United States of America's Motion to Extend the Discovery Deadline Solely with Respect to Depositions of Expert Witnesses (Doc. #39), filed on March 15, 2006, which, in view of the ruling above on the Motion (Doc. #38), is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of April, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any